UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

Modesta Algarin,

        Plaintiff,                  3:24-cv-231 (MJK)

v.

Frank Bisignano,
Commissioner of Social Security,

        Defendant.
_____
Peter A. Gorton, Esq., attorney for Plaintiff
Vernon Norwood, Esq., Special Assistant United States Attorney for Defendant

## DECISION AND ORDER

Before the Court is Algarin's Notice of Motion for Additional Attorney's Fees pursuant to 42 U.S.C. §406(b)(1). (Dkt. 15). The Commissioner filed a response neither supporting nor opposing the motion. (Dkt. 16). Although Algarin's counsel attests that the motion (Dkt. 15) was sent to Algarin in accordance with L.R. 5.5(g)(2), the requirement to do so is no longer found in the Local Rules. This obligation is found at section F(2) of General Order No. 18. The parties consented to the jurisdiction of the Magistrate Judge. (G.O. 18 and Dkt. 7).

Algarin entered a contingency fee agreement with his attorney, Peter Gorton (Dkt. 15-4), under which Algarin agreed to a twenty-five (25%) percent contingency fee on all past due benefits awarded to him, subject to repayment of any fees paid to her counsel under the Equal Access to Justice Act ("EAJA"). Attorney Gorton seeks the total sum of $13,630, noting his obligation to refund Algarin $6,743.43 that he previously received. (Dkt. 15-1 ¶2).

Attorney Gorton attests that he was retained by Algarin on February 4, 2022. (Dkt. 15-1, ¶3). He represented Algarin at his first hearing and subsequent appeal, which was later appealed to this Court, resulting in a remand on August 13, 2024. *Id.* Attorney Gorton represented Algarin at his second hearing, which resulted in a fully favorable decision, generating an award notice dated December 8, 2025. (Dkt. 15-3).

The Court must determine whether the attorney's fees award requested is reasonable. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 798 n.6 (2002). To make this finding, the Court considers the factors set forth in *Fields v. Kijakazi,* 24 F.4th 845, 853-56 (2d Cir. 2022). First, the fully favorable outcome achieved by Attorney Gorton speaks for itself.

Second, as the record shows, Attorney Gorton was not responsible for any undue delay (for example, the record was filed by the Commissioner on May 21, 2024. (Dkt. 8), and Plaintiff's brief was filed on July 2, 2024. (Dkt. 9)). Third, Attorney Gorton has over thirty years of experience, and his practice is highly concentrated in the handling of Social Security Disability cases at the administrative level and before federal courts. (Dkt. 15-1, ¶ 4). Fourth, the hours spent by Attorney Gorton reflect his efficiency in handling these types of cases. (Dkt. 15-2). Fifth, there is no evidence that Algarin is unsatisfied with his efforts. Sixth, the nature of these cases makes a favorable result uncertain, yet the effort to achieve a favorable result is a constant.

The Court finds that the effective hourly rate of $488.54 (Dkt. 15-1, ¶6) is reasonable given Attorney Gorton's experience and the Court's understanding of hourly rates charged by attorneys with that level of experience in this community. The Court finds that the total fee is reasonable and will not exceed 25% of the total of Underwood's past-due benefits in the amount of $64,351.

**WHEREFORE**, it is hereby

3

**ORDERED**, that the motion is granted in full, and Attorney Peter Gorton is awarded attorney's fees in the amount of $13,630, and it is further

**ORDERED**, that Attorney Peter Gorton shall refund to Algarin any fees he previously received under the EAJA, to wit, $6,743.43.

Dated: January 14, 2026.

_____
Hon. Mitchell J. Katz
U.S. Magistrate Judge